IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT MAXWELL FENLON, | § | |
| TDCJ-CID NO. 1015511, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-1385 |
| | § | |
| RICK THALER, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions | § | |
| Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Robert Maxwell Fenlon, a Texas prisoner, filed a petition for a writ of habeas corpus (Docket Entry No. 1) under 28 U.S.C. § 2254 challenging a state court felony judgment in Harris County, Texas. He has also challenged the validity of several prison administrative disciplinary hearings. The respondent has filed a Motion for Summary Judgment (Docket Entry No. 32) arguing that the challenge to the state court judgment is barred by the statute of limitations established by the Anti-Terrorism and Effective Death Penalty Act (AEDPA) as codified in 28 U.S.C. § 2244(d). The respondent further argues that the challenges to the disciplinary hearings have no validity. After reviewing the pleadings and the available records, the court has determined that the motion for summary judgment should be granted in part and denied in part.

I. **Procedural History and Claims**

A. **State Court Proceedings**

Court records reveal that Fenlon was convicted of possession with intent to deliver a controlled substance (cocaine between 4 and 200 grams) and that a jury sentenced him to thirty years in TDCJ-CID. State v. Fenlon, No. 825756 (179th Dist. Ct., Harris County, Tex. Nov. 30, 2000) (Docket Entry No. 28-25 at 90-91). The First Court of Appeals of Texas affirmed Fenlon's conviction, and the Texas Court of Criminal Appeals refused his Petition for Discretionary Review on June 11, 2003. Fenlon v. State, 2002 WL 31835768, NO. 01-01-00062-CR (Tex. App. - Houston [1st Dist.] Dec. 19, 2002, pet. ref'd). Certiorari was denied on January 12, 2004. Fenlon v. Texas, 124 S.Ct. 1055 (Mem 2003).

The Clerk's Office of the Court of Criminal Appeals has submitted an affidavit stating that the Court's records contain no application for a writ of habeas corpus filed by Fenlon (Docket Entry No. 32-1 at 2). Fenlon did file an application for writ of habeas corpus in 179th State District Court on March 18, 2010. The application is still pending in state district court and has not been forwarded to the Court of Criminal Appeals.

Fenlon previously filed a federal habeas petition seeking relief under 28 U.S.C. § 2254. That petition was dismissed for failure to exhaust state court remedies. Fenlon v. Dretke, No. H-04-1541 (S.D. May 20, 2005). Subsequently, the United States Court

-2-

of Appeals for the Fifth Circuit denied Fenlon's Motion for a Certificate of Appealability. <u>Fenlon v. Quarterman</u>, No. 06-20790 (5th Cir. Jan. 20, 2009).

The present petition (Docket Entry No. 1) was executed by Fenlon on April 4, 2011, mailed from the prison in an envelope post-marked April 7, 2011, and filed by the Clerk on April 8, 2011. Fenlon presents the following grounds for relief regarding his state court judgment:

1.   Fenlon's trial counsel was ineffective.

2.   There was insufficient evidence to support the conviction.

3.   Fenlon was actually innocent.

4.   The State engaged in misconduct.

Docket Entry No. 1 at 5.

## B. <u>Prison Disciplinary Proceedings</u>

Fenlon challenges the results from three prison disciplinary charges that were brought against him.

### 1.   <u>Disciplinary Hearing No. 20100181527</u>

Fenlon was charged with refusing to obey orders after he rejected a trusty camp assignment (Docket Entry No. 1-1 at 20). He stated that the assignment was detrimental because it would restrict his access to a law library. <u>Id.</u> at 22. He also asserted that he was legally blind and that the trusty camp had numerous trip hazards which would expose him to a greater risk of physical harm and that he was restricted from living in areas with surface

-3-

hazards such as those present in the camp.  Id.  Fenlon states that he was found guilty on March 11, 2010, and that he lost a total of 1000 days of good time (Docket Entry No. 1 at 8).  He was also placed in Administrative Segregation after being demoted from State Approved Trustee 2 (S2) to Line Class 3 (L3) (Docket Entry No. 1 at 8).  The Disciplinary Report submitted by Fenlon indicates that he was assessed with the following punishments: a loss of 45 days of commissary privileges; a temporary loss of contact visitation; a classification demotion from 3 (S3) to S4; and a forfeiture of good time credits.[1]

Fenlon filed a Step 1 Grievance challenging the outcome of the proceeding, and the unit warden upheld the disciplinary officer's decision on May 10, 2010, (Docket Entry No. 1-1 at 17, 18).  He then filed a Step 2 Grievance in which the decision was overturned on June 28, 2010, and he was notified that his records would be corrected.  Id. at 12.

Fenlon contends that his records were not corrected and that the punishment was not rescinded.  Id. at 9.  He also contends that the overturned disciplinary case was used to enhance punishments imposed in the two subsequent disciplinary proceedings.  Id. at 8.

_____

[1] Parts of the carbon copy of the TDCJ-CID Disciplinary Report submitted by Fenlon are indecipherable although they do indicate punishments that are inconsistent with Fenlon's allegations regarding the sanctions imposed.  Fenlon apparently contends that the three disciplinary actions have a cumulative effect in enhancing his punishment (see Docket Entry No. 1 at 11, 12).

### 2.   Disciplinary Hearing No. 20100216007

Fenlon's next disciplinary charge was "Assaulting an Officer with a weapon, namely food," by splashing the officer with peanut butter (Docket Entry No. 1 at 12; Docket Entry No. 1-1 at 6).  Fenlon asserts that he was found guilty of the infraction on April 12, 2010, and was assessed the following punishments: forfeiture of 300 days of good time and a change in custody status from S4 to L3.[2]  He asserts the following grounds for relief:

1.   Denial of the right to appeal;

2.   Insufficient evidence or no evidence in support of the finding that Fenlon used a weapon to assault the officer; and

3.   The punishment was wrongly enhanced by the prior disciplinary proceeding which had been overturned.

Docket Entry No. 1 at 12, 13.

### 3.   Disciplinary Hearing No. 20100268536

Fenlon's third disciplinary charge involved biting a nurse while she was administering ammonia smelling salts due to his non-responsiveness (Docket Entry No. 1 at 15).  He states that he was found guilty on May 26, 2010, and was assessed the following punishments: forfeiture of 700 days of good time and placement in administrative segregation.  Id. at 14.  Fenlon asserts the following grounds for relief:

---

[2] Unlike the first disciplinary case, Fenlon did not submit a copy of the disciplinary report regarding the assault on the officer.  Fenlon also neglected to submit a copy of the report concerning his third disciplinary proceeding.

-5-

1.   Insufficient evidence to support a finding that Fenlon
     was conscious;

2.   Fenlon's actions were justified because they were done in
     response to being assaulted with the ammonia toxin;

3.   Exculpatory evidence was withheld; and

4.   The punishment was wrongly enhanced.

Docket Entry No. 1 at 15, 16.

## II. **The Respondent's Arguments**

The Respondent contends that Fenlon's challenge to his
conviction is time-barred because it became final on September 9,
2003, the expiration date for filing a petition for a writ of
certiorari.  The Respondent notes that Fenlon has not filed a state
application for a writ of habeas corpus that would toll the running
of the limitations period under 28 U.S.C. § 2244(d)(2) and that
Fenlon has not presented any facts which would entitle him to
equitable tolling.  While acknowledging that Fenlon had previously
filed a federal petition for a writ of habeas corpus, the
Respondent points out that the petition was dismissed as
unexhausted more than five years ago.   Fenlon v. Quarterman,
No. H-04-1541 (S.D. Tex. 2005).  The Respondent concludes that the
current challenge to the state court judgment is over six and a
half years late and is barred by the AEDPA statute of limitations.

The Respondent argues that the challenges to the prisoner
disciplinary proceedings are without merit.  He asserts that the
first two proceedings have no basis because Felon did not lose any

-6-

good time in either case.  According to the Respondent, Fenlon's good time was restored in the first disciplinary proceeding, No. 20100181527, and no good time was forfeited in the second proceeding, No. 20100216007.

The Respondent contends that Fenlon's challenge to the evidence in the third disciplinary hearing, No. 20100268536, has no legal basis because such administrative proceedings only require a modicum of evidence to support a hearing officer's conclusion that the prisoner is guilty of the charge.  The Respondent further argues that the alleged exculpatory evidence is of no consequence due to the low threshold of proof necessary to support the outcome of a prison disciplinary proceeding.  Finally, the Respondent asserts that Fenlon failed to present his enhancement claim because it was not exhausted in the administrative process, and therefore, is procedurally barred.

### III. __Standards of Review and Applicable Laws__

Fenlon's petition for a writ of habeas corpus is subject to review under the federal habeas statutes as amended by the Antiterrorism and Effective Death Penalty Act of 1996.  28 U.S.C. § 2254; Woods v. Cockrell, 307 F.3d 353, 356 (5th Cir. 2002); Nobles v. Johnson, 127 F.3d 409, 413 (5th Cir. 1997), citing Lindh v. Murphy, 117 S.Ct. 2059, 2068 (1997).  A federal habeas petitioner challenging a state court decision is not entitled to

-7-

relief unless the state court judgment:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The 1996 AEDPA provisions "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 122 S.Ct. 1843, 1849 (2002), citing Williams v. Taylor, 120 S.Ct. 1495, 1518 (2000). Habeas relief should only be granted where the state court's decision is both incorrect and objectively unreasonable. Martin v. Cain, 246 F.3d 471, 476 (5th Cir. 2001), citing Williams, at 1521.

Summary Judgment standards established under the Federal Rules of Civil Procedure apply in habeas corpus cases brought under 28 U.S.C. § 2254. Clark v. Johnson 202 F.3d 760, 764 (5th Cir. 2000); McBride v. Sharpe, 25 F.3d 962, 969 (11th Cir. 1994). A summary judgment shall be issued if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); Hall v. Thomas, 190 F.3d 693, 695 (5th Cir. 1999). In considering a motion for summary judgment, the

-8-

court construes factual controversies in the light most favorable to the non-movant, but only if both parties have introduced evidence showing that an actual controversy exists. Lynch Properties, Inc. v. Potomac Ins. Co. of Illinois, 140 F.3d 622, 625 (5th Cir. 1998). The burden is on the movant to convince the court that no genuine issue of material fact exists as to the claims asserted by the non-movant, but the movant is not required to negate elements of the non-movant's case. See Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2553 (1986).

The non-moving party may not rest solely on its pleadings. King v. Chide, 974 F.2d 653, 656 (5th Cir. 1992). For issues on which the non-movant will bear the burden of proof at trial, that party must produce summary judgment evidence and designate specific facts which indicate that there is a genuine issue for trial. Celotex, 106 S.Ct. at 2552; Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996). The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S.Ct. 1348, 1356 (1986). To meet its burden, the non-moving party must present "significant probative" evidence indicating that there is a triable issue of fact. Conkling v. Turner, 18 F.3d 1285, 1295 (5th Cir. 1994). If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted.

-9-

Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2511 (1986).  A
habeas petitioner cannot rely on "bald assertions on a critical
issue in his pro se petition ... mere conclusory allegations do not
raise a constitutional issue in a habeas proceeding."   Ross v.
Estelle, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

## IV. **Analysis**

### A. State Court Conviction: One-Year Statute of Limitations

Fenlon's habeas petition is subject to the Anti-Terrorism and
Effective Death Penalty Act (AEDPA) provisions, which restrict the
time in which a state conviction may be challenged, because the
petition was filed after April 24, 1996, the date the AEDPA was
enacted.   Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998).
Under the AEDPA federal habeas petitions that challenge state court
judgments are subject to a one-year limitations period as set forth
by the following statutory language:

> (d)(1) A 1-year period of limitation shall apply to an
> application for a writ of habeas corpus by a person in custody
> pursuant to the judgment of a State court.  The limitation
> period shall run from the latest of-
>
>> (A) the date on which the judgment became final by
>> the conclusion of direct review or the expiration
>> of the time for seeking such review;
>
>> (B) the date on which the impediment to filing an
>> application created by State action in violation of
>> the Constitution or laws of the United States is
>> removed, if the applicant was prevented from filing
>> by such State action;
>
>> (C) the date on which the constitutional right

-10-

asserted was initially recognized by the Supreme
Court, if the right has been newly recognized by
the Supreme Court and made retroactively applicable
to cases on collateral review; or

(D) the date on which the factual predicate of the
claim or claims presented could have been
discovered through the exercise of due diligence.

(2) The time during which a properly filed application for
State post-conviction or other collateral review with respect
to the pertinent judgment or claim is pending shall not be
counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

As noted in Section I of this Memorandum Opinion and Order,
the Supreme Court denied certiorari on January 12, 2004. Fenlon v.
Texas, 124 S.Ct. 1055 (Mem 2003). Consequently, his conviction
became final on that date. Under the provisions of 28 U.S.C.
§ 2244(d)(1)(A), Fenlon had until January 12, 2005, to file his
federal habeas petition. Hall v. Johnson, 332 F.Supp.2d 904, 908
(E.D. Va., 2004).

Fenlon is incarcerated and is considered to have filed his
federal petition for a writ of habeas corpus on the date that he
would have surrendered it to prison officials for mailing.
Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998). The court
construes the petition to have been filed on April 4, 2011.
Sonnier v. Johnson, 161 F.3d 941, 945 (5th Cir. 1998). Under the
provisions of section 2244(d)(1)(A), Fenlon's petition is more than
six years late since he needed to file it by January of 2005. The
limitations period was not tolled by the provisions of 28 U.S.C.

-11-

§ 2244(d)(2) because Fenlon did not file a state habeas application within the one-year period. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000). Fenlon's pending state habeas application does not toll the limitation period because it was not filed until well after the limitation period had expired. Id. His prior federal habeas petition is not an application for state collateral review and does not fall under the provisions of section 2244(d)(2). Duncan v. Walker, 121 S.Ct. 2120, 2129 (2001); Grooms v. Johnson, 208 F.3d 488, 489 (5th Cir. 1999).

There is no indication that Fenlon was subject to any state action that impeded him from filing his petition.  28 U.S.C. § 2244(d)(1)(B).  There is no showing of a newly recognized constitutional right upon which the habeas petition is based; nor is there a factual predicate of the claims that could not have been discovered before the challenged conviction became final. 28 U.S.C. § 2244(d)(1)(C), (D). Finally, Fenlon does not present any rare and exceptional circumstances which would warrant equitable tolling of the federal limitations period. Turner v. Johnson, 177 F.3d 390, 391-92 (5th Cir. 1999). Therefore, the claims presented in this federal petition for a writ of habeas corpus which directly challenge the judgment and sentence of the 179th State District Court of Harris County, Texas, are subject to dismissal because they are untimely.

-12-

B.    TDCJ-CID Disciplinary Hearings

1.    Disciplinary Hearing No. 20100181527

In general, the essential issue regarding due process in a prisoner disciplinary hearing is whether good time was forfeited as a result of the proceeding.  See Teague v. Quarterman, 482 F.3d 769, 776-77 (5th Cir. 2007).  The Respondent's sole ground for dismissal of Fenlon's challenge to the outcome of Disciplinary Hearing No. 20100181527 is that prison administrators restored Fenlon's forfeited good time.  Fenlon disputes this assertion and argues that there is no showing that the good time has been restored (Docket Entry No. 45 at 4).  Fenlon submitted a time sheet indicating that he had lost 300 days of good time as of April 22, 2010, (Docket Entry No. 9-1 at 16).

The Respondent has submitted Hearing and Grievance Records of Disciplinary Number 20100181527, labeled as "DR1" (Docket Entry No. 33).  Included is a Business Records Affidavit signed by TDCJ-CID Stiles Unit Warden Richard Alford (DR1 at 1).  Warden Alford attests that the records pertain to Disciplinary Hearing No. 20100181527 and that the case was overturned at the Step 2 Grievance level.  Id.  Alford also states that the case was deleted from Fenlon's disciplinary history and that his good time was restored.  Id.  The next page, which is dated April 25, 2010, indicates that it is a correction for Disciplinary Case Number 20100181527.  Id. at 2.  It lists the following punishments:

-13-

15 days of commissary restriction; 10 days of solitary confinement; suspension of contact visitation through July 11, 2010; and reduction of classification from S2 to S4. Id. There is no mention of forfeited good time.  The following document is the TDCJ Disciplinary Report and Hearing Record for Number 20100181527. Id. at 4.  While the image is not clear, it does indicate that Fenlon lost either 30 or 300 days of good time.  The only other reference indicating a response by a TDCJ-CID official indicating a reversal of the case is from Linda Richey. Id. at 23.  Her response is, "Disciplinary case #20100181527 will be overturned.  Your records regarding this case will be corrected.  The option to rehear this case will be left to the Warden's discretion.-r-jw" (DR1 at 23). Although the response states that the records will be corrected, there is no direct statement that the forfeited good time has been or will be restored.

    In summary, the Respondent relies on the statement of a Warden who declares that Fenlon's good time was restored.   Meanwhile, Fenlon asserts that it was not restored.  Summary judgment cannot be granted if there is conflicting evidence. Jackson v. Duckworth, 955 F.2d 21, 22 (7th Cir. 1992), citing Chandler v. Baird, 926 F.2d 1057 (11th Cir. 1991); Lewis v. Lane, 816 F.2d 1165, 1171 (7th Cir. 1987).  Although his arguments are not altogether coherent, Fenlon has presented a time sheet indicating that 300 days of good time was forfeited as of April 3, 2010, (Docket Entry No. 9-1 at 16).

-14-

The court must consider this evidence in determining whether the good time has been restored. Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680 (5th Cir. 2011). The Respondent's only evidence that the good time was actually restored is the warden's sworn statement which, in the absence of supporting records, is not sufficient to carry the movant's burden of proof. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996).

When a prisoner files a habeas petition challenging the loss of good time, the Respondent or TDCJ-CID custodian often resolves the issue by submitting official records such as time sheets and commitment sheets accompanied by affidavits explaining the data presented by the records. See e.g. Wendt v. Director, TDCJ-CID, 2010 WL 457148 (E.D. Tex., 2010). In the present action there is no time sheet or other official record demonstrating that the forfeited time was restored as asserted by Warden Alford.

Therefore, the court will deny the Respondent's motion for summary judgment with regard to Disciplinary Hearing No. 20100181527. The denial will be without prejudice to the Respondent submitting a certified copy of Fenlon's time sheet or other applicable records, which indicate restoration of good time, accompanied by a sworn affidavit executed by a competent official explaining how the records demonstrate that the appropriate good time credits were restored. The Respondent shall submit the records, with a motion for reconsideration to the court along with

-15-

a copy of the records and motion to Fenlon within thirty days of
the date of this Memorandum Opinion and Order.

### 2.   Disciplinary Hearing No. 20100216007

The Respondent has submitted a copy of Fenlon's Disciplinary
Report and Hearing Record for No. 20100216007 (DR2 at 2).   The
Report establishes that the following punishments were ordered in
that proceeding: 30 days of recreation restriction; 30 days of
commissary restriction; 10 days of solitary confinement; and a
demotion from S4 to L3.   Id.   Contrary to Felon's allegations, he
did not lose any good time as a result of Disciplinary Hearing
No. 20100216007.

A prisoner does not have many of the rights and privileges
that a free citizen enjoys.   Madison v. Parker, 104 F.3d 765, 767
(5th Cir. 1997).   In some instances the state may create liberty
interests which are protected by the Due Process Clause.   Id.
However, a prison inmate may only seek relief from disciplinary
actions that impose "atypical and significant hardship on the
inmate in relation to the ordinary incidents of prison life."
Sandin v. Conner, 115 S.Ct. 2293,  2300 (1995).

Fenlon's 30 days of commissary and cell restrictions did not
implicate any due process concerns.   Malchi v. Thaler, 211 F.3d
953, 958 (5th Cir. 2000); Madison, 104 F.3d at 768 ("[Thirty] day
commissary and cell restrictions as punishment are in fact merely
changes in the conditions of his confinement and do not implicate

-16-

due process concerns.   They are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest.").   His ten day stay in solitary confinement is not actionable because it is a temporary condition that is not subject to habeas review.   Id.   See also Guajardo v. Bayda, 344 Fed.Appx. 922, 924, 2009 WL 2971801, 1 (5th Cir. 2009); Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995) ("[I]t is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional 'liberty' status.").

In his response (Docket Entry No. 45 at 5), Fenlon argues that his demotion in classification has deprived him of good time and that the demotion was backdated. (Docket Entry No. 45 at 5) Although he alludes to time sheets he has submitted, he does not point to any specific entry showing that the records were backdated.   Moreover, Fenlon's reduction in good time earning status does not implicate any violation because prisoners do not have an unqualified constitutional right to earn good time in the Texas prison system.   TEX. GOVT. CODE § 498.003(a) ("Good conduct time is a privilege and not a right.").   A demotion in status in some instances may prevent a prisoner from earning good-time credits, but it does not establish a claim because a prisoner does not have a constitutionally cognizable "right" to a particular time-earning status.   Venegas v. Henman, 126 F.3d 760, 765 (5th

-17-

Cir. 1997); Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995);
Wilson v. Budney, 976 F.2d 957, 958 (5th Cir.1992).  Moreover, any
possible adverse effects the disciplinary action may have had on
Fenlon's chances for parole are not actionable because Texas
prisoners do not have any liberty interest in parole.  Allison v.
Kyle, 66 F.3d 71, 74 (5th Cir. 1995).  See also Gordon v. Perry,
259 Fed.Appx. 651, 653, 2007 WL 4373046, 1 (5th Cir. 2007) (Texas
prisoners have no property interest in obtaining parole).

     Fenlon also argues that his rights were violated because the
outcome of this proceeding was used to enhance the punishment
imposed in the third disciplinary hearing.  Fenlon points to no
federal cases, let alone a Supreme Court decision, which supports
his argument that a prior prison administrative decision can be
challenged on the basis that it affected a later disciplinary
decision.   This court is not aware of any such authority and
concludes that Fenlon has not shown that there was a violation of
clearly established federal law by the use of the decision in the
second disciplinary proceeding to enhance punishment in the third.
Therefore, he is not entitled to relief on that ground.  Wright v.
Van Patten, 128 S.Ct. 743, 747 (2008).   Fenlon's date of release
was not affected by the decision in Disciplinary Hearing
No. 20100216007.  Consequently, the challenges to the punishments
are not actionable in federal court.  See Sandin, 115 S.Ct. at
2297; Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995).

### 3. Disciplinary Hearing No. 20100268536

The Respondent has submitted the records for Disciplinary Hearing No. 20100268536 which show that Fenlon was found guilty of biting a nurse's hand (DR3 at 2). The nurse was asked to revive Fenlon when he appeared to be unresponsive, and she did so by placing ammonia capsules under his nose. Id. at 3. Fenlon was punished with a loss of 45 days of recreation; a loss of 45 days commissary privileges; fifteen days of solitary; and loss of 700 days of good time. As discussed above, Felon's loss of privileges are not actionable. See Sandin. On the other hand, the forfeiture of 700 days of good time is subject to review in a federal habeas action. Houser v. Dretke, 395 F.3d 560 (5th Cir. 2004); Murphy v. Collins, 26 F.3d 541, 543 n.5 (5th Cir. 1994).

Unlike a defendant in a criminal trial, a prisoner in a disciplinary proceeding has limited due process rights. Wolff v. McDonnell, 94 S.Ct. 2963, 2975 (1974) ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply"). These rights are met when the prison officials "(1) provide advance written notice of at least twenty-four hours to the prisoner; (2) issue a written statement of the fact finders as to evidence relied upon and their reasons for action; and (3) offer the prisoner an opportunity to call witnesses and present documentary evidence." Houser, at 562, citing Wolff, 94 S.Ct. at

-19-

2978-80.   The records submitted by the Respondent show that
Fenlon's rights were not violated in Disciplinary Hearing
No.   20100268536 (DR3 at 2, 15-23).   Furthermore, Felon was
represented by counsel substitute during the proceeding.   Id. at
13.

Fenlon challenges the sufficiency of the evidence by arguing
that it was not proven that he was conscious when he bit the nurse
and by arguing that the biting was justified because the nurse was
assaulting him with the ammonia capsules.   These two arguments are
inconsistent in that one implies that he could not have had any
intent because he was not awake when the smelling salts were given
while the other indicates that he was conscious when he was
defending himself from the nurse's alleged assault.   Apart from the
contradictory nature of the arguments, Fenlon fails to assert a
tenable position because "prison disciplinary proceedings will be
overturned only where there is no evidence whatsoever to support
the decision of the prison officials." Brooks v. Pearson,
428 Fed.Appx. 384, 386, 2011 WL 2342691, *2 (5th Cir. 2011),
quoting Reeves v. Pettcox, 19 F.3d 1060, 1062 (5th Cir. 1994).

The Disciplinary Hearing Report shows that the hearing officer
relied on the statements of the nurse, the officer's report,
several witness statements, and the nurse's testimony in making his
finding of guilt (DR3 at 2).   This provided a sufficient basis to
support the hearing officer's finding that Fenlon had violated

prison disciplinary rules. Id. citing Hudson v. Johnson, 242 F.3d 534, 536-37 (5th Cir.2001). Fenlon implies that his version of what happened is more credible than that of the nurse and other witnesses to the biting episode. This court cannot substitute its own judgment for that of the disciplinary hearing officer in assessing the believability of the witnesses' testimony. Richards v. Dretke, 394 F.3d 291, 295 (5th Cir. 2004) ("Credibility determinations are the province of the hearing officer"), citing Hudson, 242 F.3d at 537. The record demonstrates that Fenlon was afforded due process at the hearing and there was sufficient evidence to support the outcome. See Wolff, 94 S.Ct. at 2978-79 (1974); Richards, 394 F.3d at 294.

Fenlon complains that exculpatory evidence was withheld from him in Disciplinary Hearing No. 20100268536. Specifically, he states that no video recording was taken of the incident and that photographs taken at that time were not submitted even though TDCJ-CID's use of force policy required such documentation. "'[A] prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met.'" Brewster v. Dretke, 587 F.3d 764, 768 (5th Cir. 2009), quoting Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996). Moreover, there was witness testimony as to the biting and Fenlon admits that he did bite the nurse. In addition, since the bite injuries were

-21-

described in the report, photographs would have been cumulative (DR3 at 8). Consequently, the lack of video or photographic evidence does not undermine the validity of the disciplinary proceeding. See Hudson, 242 F.3d at 536-37. Fenlon also complains that the audio recording of the actual hearing is not available. The court finds that the records submitted are sufficient to support the disciplinary hearing officer's finding. Id.

Fenlon repeats his complaint that the disciplinary punishment imposed was enhanced by his record of prior infractions in violation of the Constitution. The Respondent argues that this claim is unexhausted and procedurally barred. Fenlon submitted Step 1 and Step 2 Grievances challenging the outcome of Disciplinary Hearing No. 20100268536 (DR3 at 28, 29). He argued that the evidence was not sufficient and there was proof that he lacked intent. Id. He also alleged that a video tape of the incident had been made which was subsequently destroyed. However, he makes no mention regarding the enhancements.

Under 28 U.S.C. § 2254(b), a petitioner is required to exhaust available state procedures before he may pursue habeas relief in the federal courts. See Wion v. Quarterman, 567 F.3d 146, 148 (5th Cir. 2009), citing Orman v. Cain, 228 F.3d 616, 619-20 (5th Cir. 2000). All claims must be presented to satisfy the exhaustion requirement. Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999). Generally, this requires a Texas prisoner to present his claims to

-22-

the Texas Court of Criminal Appeals in either a petition for discretionary review or in a state application for a writ of habeas corpus filed pursuant to Article 11.07 of the Texas Code of Criminal Procedure. See Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990). However, the proceedings at issue are prison disciplinary hearings and the Court of Criminal Appeals does not entertain such claims. Ex parte Brager, 704 S.W.2d 46 (Tex. Crim. App. 1986). Consequently, the exhaustion requirement is met if the prisoner fully utilizes the prison appeal system. Baxter v. Estelle, 614 F.2d 1030, 1031-32 (5th Cir. 1980); Lerma v. Estelle, 585 F.2d 1297, 1298 (5th Cir. 1978). See also Spaulding v. Collins, 867 F.Supp. 499, 502 (S.D. Tex. 1993) ("Because this case involves a prison disciplinary action, it is not reviewable by state courts and is properly brought by federal habeas corpus petition to this court" after exhaustion of the TDCJ grievance procedure).

TDCJ-CID currently has a two-step grievance process for presenting administrative grievances, including challenges to disciplinary decisions. TEX. GOVT. CODE § 501.008 (2007); see also Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004), citing Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001); Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999). Under TDCJ-CID administrative grievance procedure a prisoner has fifteen days to file a Step 1 Grievance challenging the outcome of a disciplinary

-23-

hearing.     See   TDCJ-CID   Offender   Orientation   Handbook,
http://www.tdcj.state.tx.us/publications/cid/OffendOrientHbkNov04
.pdf at 52.   If the prisoner wishes to appeal the outcome of his
Step 1 Grievance, he has 15 days to file his Step 2 Grievance.  Id.
Consequently, Fenlon is procedurally barred from pursuing TDCJ-CID
administrative remedies concerning his claim that his punishment
was wrongly enhanced.

A habeas petitioner whose claims have not been properly
exhausted in the state courts or in the proper administrative
process, and which can no longer be pursued in the state system,
has defaulted and is barred from presenting the defaulted claims
for review in a federal habeas corpus proceeding.    Ylst v.
Nunnemaker, 111 S.Ct. 2590, 2593 (1991); Nobles v. Johnson, 127
F.3d 409, 423 (5th Cir. 1997). Accordingly, Fenlon's unexhausted
claims are barred from consideration.    See Beckford v. Martinez,
408 Fed.Appx. 518, 520 (3d Cir. 2010) (habeas petition challenging
disciplinary proceeding barred due to failure to exhaust prison
remedies), citing Moscato v. Fed. Bureau of Prisons, 98 F.3d 757,
760 (3d Cir. 1996). See also Horsley v. Johnson, 197 F.3d 134, 136
(5th Cir. 1999) (unexhausted claims are subject to dismissal as
procedurally barred where it is evident that the state courts would
also dismiss them as barred).

Procedural default may be overcome if the petitioner can
demonstrate cause and prejudice or that failure to consider the

-24-

claim would result in a fundamental miscarriage of justice. <u>Morris v. Dretke</u>, 413 F.3d 484, 491-92 (5th Cir. 2005). However, Fenlon has failed to allege or demonstrate either exception; nor has he shown that it would have been futile to raise the claims on administrative review. <u>Fuller</u>, 11 F.3d at 62. Therefore, Fenlon's claim regarding enhanced punishment is subject to dismissal as procedurally barred. Moreover, Fenlon's claim has no merit for the reasons enunciated in the previous section dealing with his challenge to Disciplinary Hearing No. 20100216007 because Fenlon has failed to show that using such enhancements in a prison disciplinary proceeding is a violation of clearly established federal law. <u>See Wright</u>, 128 S.Ct. at 747.

## V. **Petitioner's Motions**

Fenlon has filed seventeen motions, which the court shall address.

Fenlon has filed a Motion to File Disclosure and Notice (Docket Entry No. 19) and a Motion for Notice of State Actions (Docket Entry No. 20), which appear to seek general access to court records. The motions shall be denied because Fenlon does not have an open ended right access to court records to search for possible grounds of habeas relief. <u>Bracy v. Gramley</u>, 117 S.Ct. 1793, 1796-97 (1997).

Fenlon has filed a Motion to Amend the Petition for Writ of

-25-

Habeas Corpus (Docket Entry No. 21) in which he seeks to supplement his argument that there was insufficient evidence to convict him. The motion will be denied as futile because the court has determined that the petition is untimely. Emory v. Texas Board of Medical Examiners, 748 F.2d 1023, 1027 (5th Cir. 1984).

Fenlon has filed a Motion for Leave to File Motion for Miscarriage of Justice (Docket Entry No. 22) in which he apparently seeks to avoid dismissal pursuant to time limitations and procedural defaults. Both bars are well established under federal law to insure that those seeking to challenge their state court convictions in federal court do so expeditiously and in a procedurally correct manner in order to afford the state courts a fair opportunity to address alleged errors.  28 U.S.C. § 2244(d); Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997), citing Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991); see also Edwards v. Carpenter, 120 S.Ct. 1587, 1590 (2000) (finding the procedural default doctrine to be "grounded in concerns of comity and federalism").  The court will deny the motion.

Fenlon has filed a Motion for Leave to File a Motion for Equitable Tolling (Docket Entry No. 25) in which he contends that his prior federal habeas action warrants such tolling due to the length of the proceedings, which included his request for a certificate of appealability.  See Fenlon, No. H-04-1541.  Fenlon cites United States v. Patterson, 211 F.3d 927 (5th Cir. 1998),

-26-

where equitable tolling was granted because the federal district court misled the petitioner to believe that a subsequent 28 U.S.C. § 2255 petition would not be time barred.   The court also noted that the petitioner had voluntarily dismissed his prior action based on the district court's express statement and that the subsequent petition was filed within one year of the prior dismissal.   Id. at 930.   The present case differs in that Fenlon did not dismiss his prior petition.   On the contrary, he prolonged the proceeding by filing pleadings of questionable merit during and after the district court's dismissal.   See e.g. Felon v. Dretke, No. 05-20369 (5th Cir. Jun. 8, 2005) (Fifth Circuit order admonishing Fenlon against further prosecution of frivolous matters).   Fenlon's circumstances were not extraordinary, nor did the federal court mislead him or prevent him from pursuing his state court remedies in a timely manner.   The motion (Docket Entry No. 25) will be denied because Fenlon is not entitled to equitable tolling.   Flores v. Quarterman, 467 F.3d 484, 487 (5th Cir. 2006) (holding that Patterson did not apply because no misleading order was directed at petitioner).

The court will deny Fenlon's motion (Docket Entry No. 30) objecting to the court's prior orders granting extensions of time to the Respondent.   See Hetzel v. Bethlehem Steel Corp., 50 F.3d 360, 367 (5th Cir. 1995).

The court will grant Fenlon's motion (Docket Entry No. 35) in

-27-

which he asserts that he miscalculated the good time that was forfeited at the disciplinary proceedings.   According to Fenlon, 120 of the 1000 lost days were forfeited in 2001 and not at issue in this proceeding.    Therefore, 180 days were forfeited in Disciplinary Hearing No. 20100181527, and 700 days were forfeited in Disciplinary Hearing No. 20100268536.

Fenlon has filed a Motion to Stay Proceedings (Docket Entry No. 36) so that the state courts may rule on his pending state habeas corpus action.  The court has previously found that Fenlon's challenge to the actual state court conviction is barred as untimely and that the pending state habeas application, which was filed only last year, does not toll the limitations period.   See Scott v. Johnson, 227 F.3d at 263.   Therefore, the court will deny the motion to stay proceedings on a matter that is clearly time-barred.  See Lave v. Dretke, 444 F.3d 333, 336 (5th Cir. 2006), citing See Rhines v. Weber, 125 S.Ct. 1528, 1535 (2005).

Fenlon has filed a Motion to Strike State's Motion for Summary Judgment (Docket Entry No. 38) on the grounds that the Respondent failed to acknowledge that Fenlon had filed a state habeas application.   The oversight has been noted but is understandable since the state application is still pending in state district court and has not been forwarded to the Court of Criminal Appeals. Moreover, the application is of no consequence since it was not filed until March of 2010. See Scott v. Johnson, 227 F.3d at 263.

-28-

Fenlon also argues that the motion should be stricken because the Respondent has failed to produce evidence that the good time that was forfeited in Disciplinary Hearing No. 20100181527 has been restored.  The court has addressed this matter.  The motion to strike the Respondent's Motion for Summary Judgment (Docket Entry No. 38) will be denied.

Fenlon has filed a motion in which he seeks copies of his disciplinary records.  The broad provisions of discovery do not apply in habeas proceedings.  <u>Bracy</u>, 117 S.Ct. at 1796-97.  There is no merit to one of the disciplinary proceedings because Fenlon did not lose any good time.  <u>See</u> <u>Sandin</u>, 115 S.Ct. at 2297.  In another, Fenlon's challenge to the disciplinary officer's finding is insupportable because there was evidence to support the decision.   <u>See</u> <u>Hudson</u>, 242 F.3d at 536-37.   The remaining proceeding, Disciplinary Hearing No. 20100181527, concerns whether Fenlon's good time was restored as asserted by the Respondent.  The court has ordered the Respondent to submit a time sheet and other necessary affidavits or records showing whether the time has actually been restored.  Therefore, Fenlon's motion shall be denied as moot.

Fenlon has filed a Motion for Extension of Time (Docket Entry No. 40).  The court will grant the motion and will construe his Motion for Summary Judgment (Docket Entry No. 45) as a timely filed response to the Respondent's Motion for Summary Judgment.  Fenlon's

request for copies of records will be denied for reasons previously stated.

Fenlon's Motion to File Amended Pleadings (Docket Entry No. 41) and his Motion to Expand and Subpoena Records (Docket Entry No. 42), which was filed more than a month after the Respondent filed the Motion for Summary Judgment shall be denied. <u>Briddle v. Scott</u>, 63 F.3d 364, 379 (5th Cir. 1995).

Fenlon's Motion for Summary Judgment (Docket Entry No. 45) shall be denied for the reasons stated in this Memorandum Opinion and Order. Felon's Motion for Extension of Time to Respond (Docket Entry No. 46) and Motion for Ruling (Docket Entry No. 47) will be denied as moot.

## VI. <u>Conclusion</u>

The court **ORDERS** the following:

1.   The Respondent's Motion for Summary Judgment (Docket Entry No. 32) is **GRANTED** in part and **DENIED** in part.

2.   Fenlon's claim that his good time was not restored as asserted by the Respondent is retained for further review.

3.   All other claims for relief are **DENIED**.

4.   Within thirty days of the date of this Memorandum Opinion and Order, the Respondent shall submit to the court and to Fenlon an appropriate motion for reconsideration along with Fenlon's time sheet or other applicable records that indicate restoration of good time, accompanied by a sworn affidavit executed by a competent official explaining how the records demonstrate that the appropriate good time credits were restored. Fenlon may file a response within twenty days of the receipt of Respondent's filing.

-30-

5.   Fenlon's Motion to Correct Calculations (Docket Entry No. 35) and his Motion for Extension of Time (Docket Entry No. 40) are **GRANTED**.

6.   All relief not explicitly granted is **DENIED**, and all of Fenlon's other motions (Docket Entry Nos. 19, 20, 21, 22, 25, 30, 36, 38, 39, 40 [production of documents], 41, 42, 45, 46, and 47) are **DENIED**.

**SIGNED** at Houston, Texas, on this 16th day of December, 2011.

SIM LAKE
UNITED STATES DISTRICT JUDGE

-31-